USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/16/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERT THOMAS,                                       :
                                                    :          REPORT AND
                          Petitioner,               :          RECOMMENDATION
                                                    :
        -v.-                                         :          10 Civ. 5861 (BSJ) (JLC)
                                                    :
PHILIP HEATH, Superintendent of Sing Sing           :          (Non-ECF Case)
Correctional Facility,                              :
                                                    :
                          Respondent.               :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Barbara S. Jones, United States District Judge:**

Pro se Petitioner Robert Thomas ("Thomas" or "Petitioner") seeks a writ of habeas

corpus under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

§2254, alleging that he is in state custody in violation of his federal constitutional rights.

Thomas challenges his June 11, 2008 resentencing in Supreme Court, New York County, which,

in addition to confirming his original sentence of 15 years in prison, imposed an additional five-

year term of post-release supervision, as violating his constitutional rights to due process and to

be free from double jeopardy.  Thomas' state custody arises from his April 20, 2005 conviction,

after a guilty plea, of attempted aggravated assault upon a police officer, criminal sexual act in

the second degree, use of a child in a sexual performance, and promoting an obscene sexual

performance by a child.  Thomas is currently incarcerated at Sing Sing Correctional Facility.  For

the reasons set forth below, I recommend that the Petition be denied.

USDC SDNY
DATE SCANNED  5/16/11

# I.  BACKGROUND

## A.  Thomas' Crime and Arrest

On March 22, 2005, Thomas pleaded guilty before Justice Carol Berkman in New York Supreme Court, New York County (the "trial court"), to attempted aggravated assault upon a police officer (N.Y. Penal Law §§110.00; 120.11 (McKinney 2011)), criminal sexual act in the second degree (N.Y. Penal Law §130.45(1) (McKinney 2011)), use of a child in a sexual performance (N.Y. Penal Law §263.05 (McKinney 2011)), and promoting an obscene sexual performance by a child (N.Y. Penal Law §263.10 (McKinney 2011)).  Declaration of Lea L. La Ferlita in Opposition to the Petition for Writ of Habeas Corpus, dated January 14, 2011  ("La Ferlita Decl.") Ex. A (Plea Transcript) at 20 (Dkt. No. 11).  The following facts are derived from Thomas' plea allocution.

On September 15, 2004, Thomas, who was 60 years old, was having sex in a parked van with a 16-year-old girl with whom he had previously engaged in sexual acts. Id. at 6-7.  Police officers saw the van and knocked on the window. Id. at 8.  Frightened, Thomas jumped into the driver's seat and tried to escape. Id. at 10.  He sped away, nearly hitting an officer who was in his path, and later reversed his van in the direction of police officers during his attempted escape. Id. at 10-11.  After Thomas was arrested, police officers discovered a camera in his car containing 14 sexually explicit photographs of the girl. Id. at 13-16.

## B.  Thomas' Sentencing

During the March 22, 2005 plea proceedings, the trial court informed Thomas that he would be sentenced to a term of 15 years imprisonment and that upon release, he would be subject to post-release supervision ("PRS") for a period of five years. Id. at 17.  On April 20, 2005, the trial court sentenced Thomas, as a second violent felony offender, to the promised

- 2 -

prison term. La Ferlita Decl. Ex B.  The trial court neglected to mention that Thomas' sentence

was to be followed by the five year period of PRS; however, the five year PRS term was

recorded on Thomas' Sentence and Commitment Order.  La Ferlita Decl. Ex. L, at 3.

### C.  Thomas' Direct Appeal

Thomas appealed his April 20, 2005 sentence to the New York State Supreme Court,

Appellate Division, First Department (the "Appellate Division"), seeking to have the five year

period of PRS stricken from his sentence on the grounds that "it was not part of the sentence that

the court pronounced orally, in his presence in open court, and was not added by way of a

judicial proceeding, such as a [New York] CPL 440.40 motion by the People to set aside the

sentence." People v. Thomas, 826 N.Y.S.2d 36, 37 (1st Dept. 2006).  The Appellate Division

affirmed the sentence, concluding that Thomas had waived his right to appeal, and that,

moreover, his claim was unpreserved. Id. at 37.  The Appellate Division went on to find that

even if it were to examine Thomas' claims, it would dismiss them as meritless because the five

year PRS was required under New York law, even if the trial court did not explicitly mention the

PRS during sentencing. Id. at 38.  On August 7, 2007, the New York Court of Appeals granted

Thomas leave to appeal, and the case was consolidated with four other appeals.  See La Ferlita

Decl. Ex. I.

On April 29, 2008, the Court of Appeals issued a decision in all five appeals, concluding

that "the procedure through which PRS was imposed upon these defendants [including Thomas]

was flawed as it did not comply with the statutory mandate," People v. Sparber, 859 N.Y.S.2d

582, 584 (2008), because the PRS terms were not pronounced by the judge orally at sentencing.

Id. at 587.  However, the Court of Appeals went on to explain that the flaws could be remedied

simply by resentencing the individuals and that "[n]othing more is required." Id.

### D. Resentencing Proceedings

In accordance with the Court of Appeals' decision, Thomas and his attorney appeared before the trial court on June 11, 2008, for the resentencing. La Ferlita Decl. Ex. K (Resentencing Transcript). There, the trial court resentenced Thomas to a determinate term of 15 years imprisonment, followed by five years of PRS. Id. at 6. During the proceedings, Thomas accused the trial court of coercing him to plead guilty on March 22, 2005. Id. at 4-5. The trial court interpreted Thomas' comments as an application to withdraw his plea and denied the application. Id. at 4-6. Thomas made no further statements during the proceedings, and neither he nor his counsel objected to the resentencing.

However, Thomas subsequently appealed the June 11, 2008 resentencing, arguing that it violated his federal constitutional rights to due process and to be free from double jeopardy by imposing the PRS term more than three years after his original sentence. La Ferlita Decl. Ex L, at 5-12. Additionally, Thomas contended that the trial court lost jurisdiction to resentence him because of the delay of over three years from his original sentencing. Id. at 12. On July 2, 2009, the Appellate Division affirmed the resentencing, declining to review Thomas' claims because they were unpreserved and, in the alternative, finding his challenges without merit. People v. Thomas, 881 N.Y.S.2d 291, 292 (1st Dept. 2009). Thomas sought leave to appeal to the Court of Appeals, but the Court of Appeals rejected his application on November 4, 2009. People v. Thomas, 891 N.Y.S.2d 697 (2009).

### E. The Instant Petition

Thomas timely filed this petition on August 3, 2010, again claiming that the imposition of the PRS violated his constitutional rights to due process and to be free from double jeopardy, and

- 4 -

that the delay in resentencing deprived the trial court of jurisdiction to resentence him.[1]  Petition

under 28 U.S.C. §2254 for Writ of Habeas Corpus, dated April 6, 2010 ("Pet.") at 5, 12 (Dkt.

No. 1).

On January 14, 2011, Respondent filed his opposition to Thomas' Petition.  See La

Ferlita Decl.; Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus,

dated January 14, 2011 ("Resp't's Mem.") (Dkt. No. 10).  Thomas filed his reply papers on

March 7, 2011.  Reply, dated February 27, 2011 ("Pet'r's Reply") (Dkt. No. 14).

## II.  DISCUSSION

### A.  Applicable Legal Principles

#### 1.  AEDPA Standard of Review

When a state court has adjudicated a federal constitutional claim on the merits, under

AEDPA, a federal court may not grant habeas relief unless the state-court decision "'was

contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States.'"  Cullen v. Pinholster, 131 S. Ct. 1388,

1414 (2011) (quoting 28 U.S.C. § 2254(d)(1)).  Accordingly, the only source of clearly

established federal law that a federal court may consider in reviewing a state prisoner's habeas

application are the decisions of the Supreme Court.  Williams v. Taylor, 529 U.S. 362, 412

(2000).  Moreover, a federal court reviewing a habeas application need consider only "the

holdings, as opposed to the dicta, of th[e] Supreme Court's decisions as of the time of the

relevant state-court decision."  Id.

---

[1] In his Petition, in lieu of any arguments Thomas attaches the brief he submitted to the Appellate Division appealing his resentencing.  Accordingly, this Court will incorporate the arguments raised in the Appellate Division brief into the Petition.  See McRae v. Senkowski, No. 01 Civ. 2916 (GWG), 2002 WL 1880730, at *6 (S.D.N.Y. Aug. 15, 2002).

A state court decision is "contrary to" clearly established law under the first clause of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Id. at 412-13.

A state court decision involves an "unreasonable application" of clearly established law under the second clause of § 2254(d)(1) "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. 529 U.S. at 413. Additionally, a state court may unreasonably apply Supreme Court precedent "if the state court unreasonably extends a legal rule established by the Supreme Court or if it unreasonably fails to extend a legal rule to a context in which the rule reasonably should apply." Serrano v. Fischer, 412 F.3d 292, 296-97 (2d Cir. 2005).

The Supreme Court "ha[s] explained that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Renrico v. Lett, 130 S. Ct. 1855, 1862 (2010) (quoting Williams, 529 U. S. at 410). "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. (quoting Williams, 529 U.S. at 411). Instead, "that application must be 'objectively unreasonable.'" Id. (quoting Williams, 529 U.S at 409). "[T]he objectively unreasonable standard of § 2254(d)(1) means that [a] petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." Ortiz v. N.Y.S. Parole in Bronx, N.Y., 586 F.3d 149, 156 (2d Cir. 2009) (quoting Lynn v. Bliden, 443 F.3d 238, 246 (2d Cir. 2006)).

However, as a threshold matter, a court does not need to apply this standard unless a petitioner first fully exhausts his claims in the state courts; nor does a court need to apply the standard if a petitioner's claims are procedurally barred from review.

## 2. Exhaustion

AEDPA requires state prisoners seeking federal habeas relief to exhaust available state court remedies first. See §2254(b)(1)(A); Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011). "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Carvajal, 633 F.3d at 104 (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (internal alterations and quotations omitted)). A petitioner must "alert the state court to the constitutional nature of a claim." St. Helen v. Senkowski, 374 F.3d 181, 182 (2d Cir. 2004). However, a petitioner need not "cite 'chapter and verse of the Constitution' in order to satisfy this requirement." Carvajal, 633 F.3d at 104 (quoting Daye v. Attorney Gen. of N.Y., 696 F.2d 186, 192 (2d Cir. 1982) (en banc)).

Therefore, to exhaust a claim, a prisoner must "'fairly present' the federal claim 'in each appropriate state court.'" Richardson v. Superintendent of Mid-Orange Corr. Facility, 621 F.3d 196, 201 (2d Cir. 2010) (citing Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court ... and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." Ramirez v. Attorney Gen. of State of N.Y., 280 F.3d 87, 94 (2d Cir. 2001).

While courts can dismiss an unexhausted claim without prejudice to allow a petitioner to exhaust the claim in state court, if a petitioner can no longer present his unexhausted claim in

- 7 -

state court, district courts must deem the claim procedurally barred.  See Richardson, 621 F.3d at

201 (citing Acosta v. Artuz, 575 F.3d 177, 188 (2d Cir. 2009) and Coleman v. Thompson, 501

U.S. 722, 732 (1991)); Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001) ("[W]hen 'the

petitioner failed to exhaust state remedies and the court to which the petitioner would be required

to present his claims in order to meet the exhaustion requirement would now find the claims

procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted.")

(quoting Coleman, 501 U.S. at 735 n.1).

### 3.  Procedural Bar—Independent and Adequate State Ground

"A federal habeas court will not review a claim rejected by a state court 'if the decision

of [the state] court rests on a state law ground that is independent of the federal question and

adequate to support the judgment.'"  Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (quoting

Beard v. Kindler, 130 S. Ct. 612, 614 (2009) (internal citations omitted)).  This rule is designed

to "'ensur[e] that the States' interest in correcting their own mistakes is respected in all federal

habeas cases.'"  Cone v. Bell, 129 S. Ct. 1769, 1780 (2009) (quoting Coleman, 501 U.S. at 729).

The Supreme Court thus "ha[s] held that when a petitioner fails to raise his federal claims in

compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim

ordinarily qualifies as an independent and adequate state ground for denying federal review.'"

Id. (quoting Coleman, 501 U.S. at 732).

### a.  Independence

Generally, in order to determine whether the state law ground upon which a petitioner

relies is independent from federal law, reliance on the state procedural rule must be "clear from

the face of the opinion."  Coleman, 501 U.S. at 735; see also Carrion v. Smith, 549 F.3d 583, 587

(2d Cir. 2008); Messiah v. Duncan, 435 F.3d 186, 195 (2d Cir. 2006).

"Even where the state court has ruled on the merits of a federal claim 'in the alternative,' federal habeas review is foreclosed where the state court has also expressly relied on the petitioner's procedural default." Murden v. Artuz, 497 F.3d 178, 191 (2d Cir. 2007) (citing Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005)); see also Harris v. Reed, 489 U.S. 255, 264 n.10 (1989). However, if the state court decision contains ambiguous language such as "the claims are either unpreserved or without merit," the claims are subject to federal court habeas review. Jimenez v. Walker, 458 F.3d 130, 139-40 (2d Cir. 2006); Gregg v. Phillips, 401 Fed. App'x 590, 592 (2d Cir. 2010) (summary order); Deberry v. Portundo, 403 F.3d 57, 64 (2d Cir. 2005).

### b. Adequacy

To be deemed adequate, the state procedural rule on which the court's decision was based must be a rule that is "firmly established and regularly followed" by the state in question, Ford v. Georgia, 498 U.S. 411, 423-24 (1991), and that has not been "misapplied in [the] case in particular." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (internal quotation marks and citations omitted); see also Garraway v. Phillips, 591 F.3d 72, 75 (2d Cir. 2010); Garvey v. Duncan, 485 F.3d 709, 714 (2d Cir. 2007).

In certain limited circumstances, however, even state rules that are firmly established and regularly followed will not foreclose review of a federal claim. This occurs where the particular application of the rule is "exorbitant." Lee v. Kemna, 534 U.S. 362, 376 (2002). The Supreme Court in Lee determined that the application of a firmly established and regularly followed state procedural rule would be exorbitant based on three considerations. Id. at 381. The Second Circuit adopted and summarized these considerations as a three-part test in Cotto v. Herbert, 331 F.3d at 240. These three considerations are not a dispositive test for determining adequacy, but

serve as guidelines in evaluating "the state interest in a procedural rule against the circumstances of a particular case." <u>Garvey</u>, 485 F.3d at 714 (citing <u>Lee</u>, 534 U.S. at 381-85). The three factors are as follows:

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state case law indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

<u>Cotto</u>, 331 F.3d at 240.

### c. Cause, Prejudice, and Miscarriage of Justice

A petitioner who has procedurally defaulted is not entitled to habeas review of his claim unless he can demonstrate either (1) cause for the default and actual prejudice, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 749-50. To show cause, a petitioner must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). A petitioner suffers actual prejudice when the outcome of the case would likely have been different but for the alleged constitutional violation. <u>See Reed v. Ross</u>, 468 U.S. 1, 12 (1984); <u>Collins v. Artus</u>, No. 08 Civ. 1936 (PKC) (JCF), 2009 WL 2633636, at *8 (S.D.N.Y. Aug. 26, 2009); <u>Garbutt v. Conway</u>, No. 05 Civ. 9898 (SHS), 2008 WL 3842967, at *9 (S.D.N.Y. Aug. 18, 2008). Even absent a showing of cause and prejudice, a petitioner's claim may be entitled to habeas review if he can show that denying review would result in a "fundamental miscarriage of justice;" in such instances, a court may grant relief only in the "extraordinary case, where a constitutional violation has probably resulted in the

conviction of one who is actually innocent." Murray, 477 U.S. at 495-96. To be credible, a claim of actual innocence must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); see also Jones v. Armstrong, 367 F. App'x 256, 259 (2d Cir. 2010) (summary order).

### 4. Interpretation of Pro Se Submissions

Finally, Thomas is proceeding pro se, and therefore his submissions "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)); see also Seidemann v. Bowen, 584 F.3d 104, 118 (2d. Cir. 2009). Additionally, the Court must liberally construe the pleadings and interpret them "'to raise the strongest arguments that they suggest.'" Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Pro se status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation and internal quotation marks omitted).

### B. Discussion

### 1. Thomas' Jurisdictional Claim

Thomas claims that the trial court lost jurisdiction to resentence him because he was resentenced more than three years after his original sentencing. Pet. Ex. A, at 12. Respondent contends that Thomas' jurisdictional claim should be denied as unexhausted but deemed exhausted and procedurally barred from habeas review. Resp't's Mem. at 9-11. I agree.

Thomas did not "fairly present" the federal nature of his jurisdictional claim to the state courts. Rather, Thomas argued that the trial court lost jurisdiction to resentence him because

"[u]nder CPL §380.30(1), sentences must be pronounced without unreasonable delay" and "[w]hen such a delay occurs, the court may lose jurisdiction to sentence a defendant." Pet. Ex. A, at 12 (citations omitted). "A prisoner has not fairly presented a federal claim before a state court if the federal claim is not mentioned in the prisoner's state court brief." Richardson, 621 F.3d at 201 (citing Baldwin, 541 U.S. at 29). That is exactly the circumstance here. Accordingly, Thomas' jurisdictional claim is unexhausted.

However, if Thomas were to return to state court to attempt to exhaust his jurisdictional claim, he would find his claim procedurally barred under New York procedural rules. New York permits only one application for direct review, N.Y. Court Rules §500.20(a)(2)—which Thomas has already made—and having failed to raise the claim on direct appeal, Thomas may not seek collateral relief in state court.[2]  N.Y. Crim Proc. L. ("C.P.L.") §440.10(2)(c). Accordingly, in these circumstances the claim is deemed to be exhausted but procedurally defaulted. See, e.g., Richardson, 621 F.3d at 201; Aparicio, 269 F.3d at 90 (citing Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997)); see also Calderon v. Perez, No. 10 Civ. 2562 (GBD) (AJP), 2011 WL 293709, at * 19 (S.D.N.Y. Jan. 28, 2011) ("[I]f it is clear that the state court would hold the claim procedurally barred . . . , such procedurally barred claims are 'deemed exhausted' by the federal courts.") (internal citations omitted). Additionally, for the reasons set forth in Part II.B.2(b), infra, Thomas is unable to overcome this procedural default through a showing of cause and prejudice, or a fundamental miscarriage of justice.

Respondent further contends that Thomas' jurisdictional claim must be barred as not cognizable on habeas review because in making the claim Thomas does not allege a violation of

---

[2] N.Y. Court Rules §500.20(a)(2) provides in relevant part that "only one application is available [for leave to appeal to the Court of Appeals in a criminal case]."

his federal constitutional rights. Resp't's Mem. at 22. In fact, Respondent argues, Thomas does not even allege a violation of New York state law. Id. I agree.

The Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). "[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010). Thomas fails to allege how the trial court's purported loss of jurisdiction violated federal law. Accordingly, his claim should not be reviewed by this Court for this reason as well.

Furthermore, Thomas has failed to establish that the delay in resentencing violated state law. Under C.P.L. §380.30(1), a defendant must be sentenced "'without unreasonable delay,' and 'unless excused [the delay] result[s] in a loss of jurisdiction requiring dismissal of the indictment.'" People v. Hatzman, 637 N.Y.S.2d 866, 868 (4th Dept. 1996) (quoting People v. Drake, 61 N.Y.2d. 359, 367 (1984)). "However, unlike delays between conviction and initial sentencing, there is no presumption of prejudice, so 'a defendant must demonstrate prejudice resulting from the delay between sentencing and resentencing.'" People v. Thompson, 880 N.Y.S.2d 875, *8 (quoting Hatzman, 637 N.Y.S.2d at 869). The Appellate Division has concluded that a petitioner's "right to be sentenced without unreasonable delay [is] not violated by the elapse of three years between the original sentence and resentencing." People v. Smith, 717 N.Y.S.2d 66, 66 (1st Dept. 2000) (citations omitted). Additionally, Thomas does not demonstrate any prejudice resulting from the delay, nor could he as the resentencing involved his post-release supervision. Therefore, Thomas fails to allege that the delay in his resentencing violated New York state law—let alone federal law.

- 13 -

Accordingly, for all these reasons, Thomas' jurisdictional claim should be denied.

## 2.  Thomas' Due Process and Double Jeopardy Claims

Thomas contends that the imposition of a period of PRS after his sentencing violated his constitutional rights to due process and to be free from double jeopardy.[3]  Pet. Ex. A, at 5.  The Appellate Division concluded that Thomas' challenges to his resentencing were unpreserved. Thomas, 881 N.Y.S.2d at 291.  The court declined to review these contentions in the interest of justice, adding that even if it were to review the claims, it would find them meritless.  Id. Accordingly, Respondent argues that Thomas' constitutional claims are barred from habeas review by an independent and adequate state law ground.  Resp't's Mem. at 14-18.  I agree.

### a.  Independent and Adequate State Law Grounds

New York Criminal Procedure Law §470.05 preserves for review "'only those questions of law as to which 'a protest . . . was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.'"  Garcia v. Lewis, 188 F.3d 71, 78 (2d Cir. 1999) (quoting C.P.L. §470.05). The Second Circuit has consistently recognized §470.05 as an independent and adequate state procedural bar to habeas review.  See, e.g., Richardson v. Greene, 497 F.3d 212, 220 (2d Cir. 2007) ("New York's preservation rule in criminal proceedings . . . is firmly established, regularly followed, and hence adequate for purposes of the independent and adequate state ground doctrine."); Garvey, 485 F.3d at 720; Garcia, 188 F.3d at 79 ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules.") (citing Bossett v. Walker 41 F.3d 825, 829 n.2 (2d Cir. 1994)).

---

[3]  Respondent concedes that Thomas has exhausted his due process and double jeopardy claims.  Resp't's Mem. at 9.

At his June 11, 2008 resentencing proceeding, Thomas failed to raise any of the challenges to the resentencing judgment that he raised in his Appellate Division brief. Accordingly, Thomas' unpreserved constitutional claims are procedurally barred. The remaining question is whether the Appellate Division's application of the rule to the Thomas' case was reasonable, and not "exorbitant." See Garvey, 485 F.3d at 718. This requires an analysis of the Cotto factors.

Regarding the first Cotto factor, the question of whether the trial judge "actually relied on" the procedural default "is less applicable in this case because the lack of a contemporaneous objection would not, almost by definition, be mentioned by the trial court." Cotto, 331 F.3d at 242; see also Clark v. Perez, 510 F.3d 382, 391 n.4 (2d Cir. 2008) ("The first guidepost has no bearing here because the failure altogether to raise an issue cannot be 'actually relied on' because no court has been notified that the issue even exists."). Moreover, "consideration of 'whether perfect compliance would have changed the outcome, is less relevant in evaluating the failure to preserve a claim.'" Matos v. Ercole, No. 08 Civ. 8814 (LBS), 2010 WL 2720001, at *6 (S.D.N.Y. June 28, 2010) (quoting Stewart v. Greene, No. 05 Civ. 0566 (WHP) (THK), 2009 WL 4030833, at *15 (S.D.N.Y. Nov. 19, 2009)). As noted by the Second Circuit in Cotto, "the likely impact of a timely objection involves a certain degree of speculation." Cotto, 331 F.3d at 243; see also Donaldson v. Ercole, No. 06-5781-pr, 2009 WL 82716, at *2 (2d Cir. Jan.14, 2009) (summary order). The first Cotto factor therefore does not suggest that application of the rule was exorbitant.

Regarding the second Cotto factor—whether New York State case law indicated that compliance with the contemporaneous objection rule was demanded in the specific circumstances presented—New York courts consistently require compliance with the

- 15 -

contemporaneous objection rule in situations such as this one. See, e.g., People v. Ebert, 916 N.Y.S.2d 303, 304 (3d Dept. 2011) (failure to object at resentencing proceeding or move to vacate resentence rendered unpreserved claim that defendant was intoxicated at sentencing and unable to comprehend the proceedings); People v. Rodriguez, 901 N.Y.S.2d 839, 840 (1st Dept. 2010) (failure to object at resentencing rendered unpreserved claim that court erred in resentencing defendant without first offering him option of withdrawing plea); People v. Afrika, 879 N.Y.S.2d 758, 758 (4th Dept. 2009) (defendant's claim that prosecutors failed to refile second violent felony offender statement unpreserved for failure to raise issue at resentencing). This factor therefore does not suggest that the application of the rule was exorbitant.

Regarding the final Cotto factor—whether Thomas substantially complied with the contemporaneous objection rule and whether demanding perfect compliance with the rule would serve a legitimate governmental interest—Thomas did not substantially comply with the rule (indeed, he did not comply at all). The Second Circuit has also recognized that demanding compliance with C.P.L. §470.05 serves a legitimate governmental interest—"the interest in allowing the trial court to have the first opportunity to rule on and possibly rectify any alleged legal error." Garvey, 485 F.3d at 720.

The transcript from Thomas' resentencing proceeding contains no objection to the resentencing on the grounds of a double jeopardy or due process violation. Although Thomas did contend during the proceeding that his conviction was based on "false accusation[s]" and that the trial court coerced him into entering the plea with threats of lengthy prison time, the trial court construed his comment as a motion to withdraw his plea and denied it. La Ferlita Decl. Ex. K, at 4-6. The trial court, therefore, did not have an opportunity to rule on the constitutional claims now raised and did not have the "first opportunity to rule on and possibly rectify any

- 16 -

alleged legal error." <u>Garvey</u>, 485 F.3d at 720.  Accordingly, the third <u>Cotto</u> factor does not

suggest that the Appellate Division's application of the rule was exorbitant.

Taken together, the <u>Cotto</u> factors do not suggest that the application of the

contemporaneous objection rule was exorbitant here.  Because the Appellate Division's decision

was based on a ground independent of any federal question and adequate under firmly

established and regularly followed state law, Thomas' claims that the trial court's resentencing

violated his constitutional rights are procedurally barred.

### b.  Cause and Prejudice, or Fundamental Miscarriage of Justice

Thomas cannot overcome the procedural bar because he has not established cause for his

default.  "[T]he cause standard requires the petitioner to show that 'some objective factor

external to the defense impeded counsel's efforts' to raise the claim in state court." <u>McClesky v.</u>

<u>Zant</u>, 499 U.S. 467, 493 (1991) (quoting <u>Murray</u>, 477 U.S. at 488); <u>accord</u> <u>Bloomer v. United</u>

<u>States</u>, 162 F.3d 187, 191 (2d Cir. 1998).  Thomas has identified no such objective factor

external to the defense.  Because Thomas has not demonstrated cause for his procedural default,

the Court need not address the issue of prejudice.  <u>See</u> <u>McCleskey</u>, 499 U.S. at 502.

Finally, Thomas makes no showing that failure to consider the claims would result in a

fundamental miscarriage of justice.  Though Thomas claims that he is actually innocent of the

crimes to which he pleaded guilty, Thomas offers no new reliable evidence of his innocence.

Pet'r's Reply at 2.  Instead, he merely attaches a letter written by him to the Center for Appellate

Litigation, which provides an alternate rendition of the events leading to his arrest along with

documents submitted in connection with a prior excessive force claim brought by him against

police officers.[4] Id. at Exs. B, C.  Accordingly, Thomas is unable to overcome the procedural

bar to his claims that the trial court's resentencing violated his constitutional rights.  See Schlup,

513 U.S. at 324.

### c.  Thomas' Claims Are Moot

Even if Thomas' claims are not procedurally barred, they should be dismissed as moot.

The Second Circuit, in Earley v. Murray, concluded that a five year PRS term could only be

imposed on a prisoner by the trial judge at a sentencing proceeding.  451 F.3d 71, 75-77 (2d Cir.

2006).  However, the Circuit went on to note expressly that though the prisoner was entitled to

have the five year PRS term vacated, the Circuit was "granting this relief without prejudice to the

state's right to move 'in the New York courts to modify [petitioner's] sentence to include the

mandatory [post-release supervision term].'"  Sullivan v. New York State Dept. of Corr. Servs.,

No. 07 Civ. 7177 (SHS) (FM), 2008 WL 4493602, at *7 (S.D.N.Y. Aug. 14, 2008) (quoting

Earley, 451 F.3d at 77).  Indeed, Thomas' Court of Appeals decision concluded that the "sole

remedy" for a procedural error such as the one here is to "vacate the sentence and remit for a

resentencing hearing so that the trial judge can make the required pronouncement."  Sparber, 859

N.Y.S.2d at 588.

Therefore, the only habeas relief available to incarcerated petitioners challenging the

administrative imposition of a PRS term is to be resentenced by the trial judge—an action that

has already taken place here.  See, e.g., Edwards v. People of State of N.Y., No. 08 Civ. 0112

(RJS) (JCF), 2009 WL 4016412, at *2 (S.D.N.Y Nov. 18, 2009) (adopting Report &

Recommendation dismissing petition as moot because petitioner already resentenced by trial

---

[4] Thomas filed an excessive force action under the Civil Rights Act, 42 U.S.C. §1983, against his arresting officer and others in the Southern District of New York on July 21, 2006, which was resolved in a Stipulation and Order of Settlement and Discontinuance.  Thomas v. Kelly, No. 06 Civ. 5546 (RJH) (RLE) (S.D.N.Y. filed July 11, 2007).

judge); Escalante v. Brown, No. 08 Civ. 2040 (JS), 2009 WL 3075311, at *1 (E.D.N.Y. Sept. 21, 2009) (explaining that court had previously dismissed PRS claims as moot "because the procedurally infirm term of [PRS] had been lifted, the matter was remitted to the trial court, and the trial court properly resentenced Petitioner to a PRS term"); see also Jenkins v. Farrell, No. 07 Civ. 6937 (BSJ) (FM), 2009 WL 1616008, at *3 (S.D.N.Y. June 9, 2009) (granting petition "would not preclude correction of [Petitioner's] sentence and . . . would have no practical effect"); Sullivan, 2008 WL 4493602, at *8 (same).

Accordingly, even if Thomas' claims were not procedurally barred, they should be dismissed as moot because Thomas has already received the only relief available to him on habeas review.

### d.  Thomas' Claims Fail On The Merits

Finally, even if the Court chooses to reach the merits of Thomas' claims, it should dismiss them.  Thomas complains that his resentencing amounts to double jeopardy and therefore violates his due process rights because he had served almost four years of his sentence at the time of the resentencing and thus had a legitimate expectation of finality in the pronounced 15-year sentence.  Pet. Ex. A, at 5, 12.  Respondent argues that the resentencing merely corrected the originally pronounced sentence, which was illegal because it did not contain the five year PRS term, and thus does not amount to double jeopardy.  Resp't's Mem. at 19-20.  I agree.

There is no clearly established federal law that would have barred Thomas' resentencing. In fact, the Supreme Court has made clear that the double jeopardy clause of the Fifth Amendment does not bar the resentencing of an individual in circumstances such as those presented here.  See United States v. DiFrancesco, 449 U.S. 117, 136 (1980) ("The double jeopardy considerations that bar reprosecution after an acquittal do not prohibit review of a

sentence."); see also Bozza v. United States, 330 U.S. 160, 166-67 (1947) (resentencing to include statutorily required fines accidentally omitted was not double jeopardy because "[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner"). Here, Thomas' original sentence was inadequate under New York law, and Thomas was therefore resentenced to the additional five years of PSR to correct the error in his original sentencing. Since such a resentencing does not constitute double jeopardy or a violation of due process, Thomas' claim should be dismissed on the merits as well. See, e.g., Jenkins v. Farrell, No. 07 Civ. 6937 (BSJ) (FM), 2009 WL 1616008, at *3 (S.D.N.Y. June 9, 2009) (citing United States v. Rosario, 286 F.3d 166, 170 (2d Cir. 2004)); Shanks v. Greiner, No. 01 Civ. 1362 (DC), 2001 WL 1568815, at *5 (S.D.N.Y. Dec. 10, 2001).

### 3.  Thomas' Discovery Request

Finally, to the extent that Thomas seeks discovery of Officer Rosario's medical records "because [he] would like to vindicate [his] name from the police attempted assault charge[s]," the request for discovery should be denied.  Pet'r's Reply at 3.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Instead, Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  28 U.S.C. § 2254 Rule 6(a).  A petitioner satisfies this "good cause" standard when "'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'"  Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).  Moreover, "[a] court may deny a petitioner's request for discovery 'where the petitioner provides

- 20 -

no specific evidence that the requested discovery would support his habeas corpus petition.'"
Ruine v. Walsh, No. 00 Civ. 3798 (RWS), 2005 WL 1668855, at *6 (S.D.N.Y. July 14, 2005)
(quoting Hirschfeld v. Comm'r of the Div. of Parole, 215 F.R.D. 464, 465 (S.D.N.Y. 2003)).

Thomas provides no evidence—let alone specific evidence—that these medical records
would support his Petition.  Thomas therefore has failed to establish the requisite good cause
warranting the discovery of such information here.  Accordingly, Thomas' request for discovery
should be denied.

### III. CONCLUSION

For the foregoing reasons, I recommend that Thomas' petition for a writ of habeas corpus
and request for discovery be DENIED.  Further, I recommend that the Court decline to issue a
certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A), because Thomas has failed to
make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); see
generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).

### PROCEDURES FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
Procedure, the parties shall have fourteen (14) days from service of this Report to file written
objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to such objections,
shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the
Honorable Barbara S. Jones and to the chambers of the undersigned, United States Courthouse,
500 Pearl Street, New York, New York, 10007.  Any requests for an extension of time for filing
objections must be directed to Judge Jones. **FAILURE TO FILE OBJECTIONS WITHIN
FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL
PRECLUDE APPELLATE REVIEW.** See Thomas v. Arn, 474 U.S. 140 (1985); Wagner &

- 21 -

Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92

(2d Cir. 2010) (citing Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) and Mario v. P&C Food

Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  If

Petitioner does not have access to cases cited herein that are reported on LexisNexis or Westlaw,

he should request copies from Respondent's counsel.  See Lebron v. Sanders, 557 F.3d 76, 79

(2d Cir. 2009).


Dated: New York, New York
       May 16, 2011

JAMES L. COTT
United States Magistrate Judge


Copies mailed to:

Robert Thomas
05-A-3102
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

Lea L. La Ferlita
Assistant Attorney General
120 Broadway
New York, NY 10270